Newman, J.
Plaintiffs in error brought an action in the superior court of Cincinnati in which they sought to have set aside a pretended cancellation or forfeiture of a certain policy of life insurance and asked judgment for the face value of the policy, less the amount of a certain loan thereon. The case was submitted to the court upon the *138 pleadings and the evidence and,the court found on the issues joined in favor of defendant in error, and also that the equities of the case were with it. The petition of plaintiffs in error in the superior court was dismissed and judgment was rendered in favor of defendant in error for costs. An appeal was taken to the court of appeals and a motion to-dismiss the appeal was ■ sustained. Error is prosecuted to this court to reverse the judgment of the court of appeals.
The sole ground upon which the motion of the defendant in error to dismiss the appeal was predicated was that no right of appeal exists from the superior court of Cincinnati to the court of appeals. The court of appeals did not dismiss the appeal upon any consideration of the character of the action, but upon the one ground set out in the motion, and the only question we shall consider here is whether or not there is in chancery cases the right of appeal from the superior court of Cincinnati to the court of appeals.
The court of appeals in sustaining the motion to dismiss followed the case of Thompson, Admx., v. The Gesi Street Building Association, 13 O. C. C., 250, decided at the January, 1897, term of the circuit court of Hamilton county. Section 6, Article IV of the Constitution, at that time gave the circuit court such appellate jurisdiction as might be provided by law. In conformity to this constitutional provision what is now Section 12224, General Code, was enacted, which provided for an appeal from the judgments of the court of common pleas in certain cases, but made no provision what *139 soever for an appeal from those of the superior court of Cincinnati. The general assembly at that time had authority to enact such a law.
But Section 6, Article IV of the Constitution, was amended September 3, 1912, and now reads in part as follows:
■ “The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law.”
It has been held by this court that the court of appeals now acquires its appellate jurisdiction directly from the constitution and that the general assembly has no power or authority to limit or increase that jurisdiction. (The Cincinnati Polyclinic v. Balch, 92 Ohio St., 415.) That court has jurisdiction on appeal in the trial of chancery cases; not only those on appeal from the court of common pleas but from all the courts within their respective districts. Consequently the court of appeals of Hamilton county has jurisdiction in the trial of a chancery case on appeal from the superior court of Cincinnati.
' Section 12224, which purports to vest the court of appeals with jurisdiction in the trial of cases on appeal, was held unconstitutional and void in the case of Wagner v. Armstrong et al., 93 Ohio St., 443. In the opinion in that case it is said that when that section attempted to enlarge the jurisdiction of *140 the court of appeals on appeal, providing that all cases might be appealed wherein the right of a trial by jury did not exist, it contravened the jurisdiction fixed by the constitution, which limits it by way of appeal to chancery cases. This section of the code is likewise unconstitutional when it provides for an appeal from a judgment rendered by the court of common pleas only.
While the general assembly has no power to enlarge or limit the appellate jurisdiction conferred by the constitution upon the court of appeals, yet it may provide by law for the method of exercising that jurisdiction. (The Cincinnati Polyclinic v. Balch, supra.) It is true that no specific provision has been made as to procedure in case of an appeal from the superior court of Cincinnati, but the General Code does prescribe a method to be followed in the case of an appeal from the court of common pleas, and inasmuch as an appeal in chancery cases is not limited to the court of common pleas, we think that, by analogy, the provision as to procedure in the case of an appeal from that court should be applied to the superior court.
For the reasons we have given the judgment of the court of appeals is vacated and the cause is remanded to that court with direction to overrule the motion to dismiss the appeal.

Judgment vacated.

Nichols, C. J., Johnson, Donahue, Wanamaker, Jones and Matthias, JJ., concur.